BIRNBERG & ASSOCIATES
CORY A. BIRNBERG (SBN 105468)
1083 Mission St., Third Floor
San Francisco, California 94103
Telephone Number: (415) 398-1040
Facsimile Number: (415) 398-2001

Attorneys for Plaintiff
JAMES ANTHONY BILLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANTHONY BILLER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TERILYN, its engines, tackle, equipment, furnishings, and machinery, *in rem*, WESTAR MARINE SERVICES, a business entity of unknown form, *in personam*,<br><br>Defendants. | Case No.   C 10-05731 SC<br><br>PLAINTIFF'S MOTION *IN LIMINE*  NO. 5<br><br>MOTION *IN LIMINE* TO EXCLUDE DEFENSE EXPERTS PATRICK KENNEDY AND RUSSELL JOHNSON; DECLARATION OF CORY BIRNBERG IN SUPPORT OF MOTION *IN LIMINE* |

Plaintiff hereby moves this Court for an order excluding any testimony (either oral or written) proffered by defense experts Patrick Kennedy and Captain Russell Johnson for failure to comply with FRCP Rule 26 in producing a complete copy of their respective files in a timely manner.

INTRODUCTION

Defense counsel designated Patrick Kennedy and Captain Russ Johnson as experts in this action. Pursuant to a stipulation and order, the last day to conduct expert witness

Motion *in Limine* No. 5
Motion *in Limine* to Exclude Defense Experts Patrick Kennedy and Russell Johnson; Declaration of Cory Birnberg in Support of Motion *in Limine*
                                                           1                                      Case No.: C 10-05731 SC

discovery was August 20, 2012[1]. Counsel for plaintiff and defendant had numerous discussions, via email and telephone, regarding the scheduling of expert depositions. Declaration of Cory Birnberg In Support of Motion *in Limine* ("Birnberg Declaration"). On August 10, 2012, Plaintiff's counsel, Cory Birnberg, emailed defense counsel, Max Kelley, that plaintiff would like to take the depositions of defense experts Dr. Patrick Kennedy, Ph.D. and Captain Russell Johnson by written interrogatory (FRCP Rule 31) in order to obtain a copy of their respective files. Birnberg Declaration. Alternatively, Mr. Birnberg, offered to forgo the written deposition if defendant would agree to provide a complete copy of their files (including their notes, etc.) <u>with</u> <u>a</u> <u>verification</u>. *Id.* In response to Mr. Birnberg's email, defense counsel responded (also on August 10th) that he would provide the Kennedy and Johnson files. *Id.* Defense counsel only produced the promised files on August 21, 2012 **after** expert discovery had closed. *Id.* There was no verification provided. *Id.* In addition, what was has been provided is clearly incomplete and does not match the items reviewed, considered or relied upon by the experts (as indicated in their reports). Moreover, by producing the requested files two weeks before trial, plaintiff is left with insufficient time to review and analyze the files.

Based on defense counsel's promise of providing the files, plaintiff did not pursue his right to take the deposition of these experts. Providing a complete copy of an expert's file, including all of the information considered in preparing their reports and forming their opinions, is required under FRCP Rule 26(a). Exclusion of an expert's testimony is warranted where a party has failed to comply the Federal Rules of Civil Procedure. Defendant's experts should be prohibited from testifying at trial.

///

---

[1] See Order dated 8/8/12, Docket No. 32

Motion *in Limine* No. 5
Motion *in Limine* to Exclude Defense Experts Patrick Kennedy and Russell Johnson; Declaration of Cory Birnberg in Support of Motion *in Limine*

2     Case No.: C 10-05731 SC

BIRNBERG & ASSOCIATES
1083 Mission Street, Third Floor
SAN FRANCISCO CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

## ARGUMENT

Federal Rule of Civil Procedure Rule 26(a)(2)(B) states that an expert witness must provide a written report that must contain " (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) **the facts or data considered by the witness in forming them**; (iii) **any exhibits that will be used to summarize or support them**; …". (*Emphasis added*). In its notes the Advisory Committee on the 2010 Amendments stated, that "Rule 26(a)(2)(B)(ii) is amended to provide **that disclosure include all "facts or data considered by the witness in forming" the opinions to be offered**, rather than the "data or other information" disclosure prescribed in 1993. … the intention is that **"facts or data" be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data "considered" by the expert in forming the opinions to be expressed, not only those relied upon by the expert."** (*Emphasis added*). Plaintiff was entitled to this information before the close of discovery in order to prepare for trial and cross-examination of experts defendant has indicated it will call at trial.

Exclusion of an expert at trial where the requirements under FRCP Rule 26(a), to produce the documents and files of the expert, are not followed is appropriate. FRCP Rule 37; FRCP Rule 26(e)[2]; *Alldread v. City of Grenada* 988 F.2d 1425, 1436 (5th Cir., 1993). In *Alldread*, the plaintiff failed to provide supporting data, including source data, used by plaintiff's expert before the close of discovery despite the defendant's requests for the

---

[2] In the Notes of Advisory Committee on 1993 Amendment for Rule 26 (e) state that "**The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect.**" (*Emphasis added*). Clearly defendant was notified that the expert disclosures were incomplete as a complete copy of their files was requested.

Motion *in Limine* No. 5
Motion *in Limine* to Exclude Defense Experts Patrick Kennedy and Russell Johnson; Declaration of Cory Birnberg in Support of Motion *in Limine*

3                                                              Case No.: C 10-05731 SC

BIRNBERG & ASSOCIATES

1083 Mission Street,
Third Floor
SAN FRANCISCO
CA, 94103

TEL (415) 398-1040
FAX (415) 398-2001

documents. The court held that the trial court did not err in excluding the expert even though defendant did not file a motion to compel. In *Mems v. City of St Paul, Dept of Fire & Safety* [327 F.3d 771 (8th Cir. 2003) (*cert denied*)], the court held that the trial court was well within its discretion in excluding an expert's testimony as a sanction for failing to timely disclose the expert's interview notes. Under *Daubert* the trial court, as the "gatekeeper", has broad discretion in determining the reliability of an expert's testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). The reliability of a particular expert's opinion is determined through an assessment of the methodologies underlying the opinion. *Id.* at 592-593. An assessment of the methodologies requires knowledge of the supporting data. The court cannot perform this function where the supporting data is not produced. No such supporting data has been produced by defendant despite plaintiff's requests and defendant's promise to produce.

"If a party fails to provide information … as required by Rule 26(a) or (e), **the party is not allowed to use that information** … **to supply evidence** on a motion, at a hearing, or **at a trial**, unless the failure was substantially justified or is harmless." FRCP Rule 37(c)(1). There is no justification for failing to produce the experts' files. The trial court is not obligated to make a finding of bad faith or willfulness in excluding testimony based on a failure to comply with FRCP Rule 26(a). *Hoffman v. Construction Protection Services,* 541 F.3d 1175 (9th Cir. 2008), *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001). The 9th Circuit cites several factors to determine if the sanction of excluding an expert's testimony is proper where there was a failure to comply with FRCP Rule 26(a): 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice; 4) the public policy favoring disposition of

BIRNBERG & ASSOCIATES

1083 Mission Street, Third Floor
SAN FRANCISCO CA, 94103

TEL (415) 398-1040
FAX (415) 398-2001

Motion *in Limine* No. 5
Motion *in Limine* to Exclude Defense Experts Patrick Kennedy and Russell Johnson; Declaration of Cory Birnberg in Support of Motion *in Limine*
                                                      4                                          Case No.: C 10-05731 SC

cases on their merits; 5) the availability of less drastic sanctions. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001); *Wanderer v. Johnston*, 910 F.2d 652 (9th Cir. 1990). Trial is in two weeks. Defendant has known that it will be required to produce their experts' files, especially those of an economic expert that has opined about damages based on certain information. Plaintiff was promised a copy of the files on August 10th and expert discovery closed on August 20th. Production of these files any closer to trial will severely hamper plaintiff's ability to conduct a complete analysis of the data considered by these experts. Aside from excluding the testimony of these experts the other solution would be to delay the trial which is counter to the public's interest in expeditious resolution of litigation and the court's need to manage its docket. The Ninth Circuit, in *Yeti, supra* held that exclusion was appropriate even where there was no violation of an explicit court order nor was there a showing of bad faith or willfulness.

> This particular subsection, implemented in the 1993 amendments to the Rules, is a recognized broadening of the sanctioning power. *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998) ("The new rule clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule . . . ."). The Advisory Committee Notes describe it as a "self-executing," "automatic" sanction to "provide[]a strong inducement for disclosure of material . . . ." Fed. R. Civ. P. 37 advisory committee's note (1993). Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded. *Ortiz-Lopez*, 248 F.3d at 35 (although the exclusion of an expert would prevent plaintiff from making out a case and was "a harsh sanction to be sure," it was" nevertheless within the wide latitude of" Rule 37(c)(1)).
> *Yeti, supra* at 1106

The testimony of defense experts should be excluded because the disclosures identifying the supporting data considered by the experts is insufficient and despite promises to provide a complete copy of the experts' files, defendant failed to comply with FRCP Rule 26(a) in providing a copy in a timely manner.

///

BIRNBERG & ASSOCIATES
1083 Mission Street, Third Floor
SAN FRANCISCO CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

Motion *in Limine* No. 5
Motion *in Limine* to Exclude Defense Experts Patrick Kennedy and Russell Johnson; Declaration of Cory Birnberg in Support of Motion *in Limine*
           5           Case No.: C 10-05731 SC

1. <u>Defense Expert Patrick Kennedy Should Be Excluded From Testifying</u>

Dr. Kennedy was retained by defendant to provide his opinion regarding plaintiff's economic losses. Attached to his report was a list of materials and information that he reviewed or relied upon in preparation for his report. See Birnberg Declaration and Exhibit B attached thereto. It is noted that on page two of the report, Dr. Kennedy indicates that "exhibit c" is a list of materials <u>and</u> information he "reviewed". However, the attached exhibit indicates it is a list of "documents relied upon". This list is insufficient in determining whether Dr. Kennedy used appropriate data in making his report and forming his expert opinions. The list is exceptionally broad and includes documents which do not appear to have been provided plaintiff during discovery. For example, Dr. Kennedy identifies documents entitled "personnel file", "pay detail" and "payments to James Biller". Without a complete copy of Dr. Kennedy's file, it is unknown exactly what documents fall within these categories and whether or not the documents are complete. It is also unknown, whether or not, Dr. Kennedy was provided with documents that defendant failed to produce during discovery and which should have been produced. Another example is that Dr. Kennedy lists vocational plans from Tom Yankowski (another of defendant's experts). The entry is not dated; therefore, it is unknown if these are the same plans attached to the expert report from Mr. Yankowski provided to plaintiff. Dr. Kennedy includes several entries under "US Bureau of Labor Statistics" but these are not dated so it is unknown if he is using the appropriate indexes. Additionally, as a result of defendant's failure to produce a complete copy of Dr. Kennedy's file, plaintiff does not have a copy of Dr. Kennedy's notes. For example, in his report (page 2), Dr. Kennedy indicates that he had a conversation with Mr. Smith. Of course, it is unknown if Dr. Kennedy took notes of that conversation

BIRNBERG & ASSOCIATES
1083 Mission Street,
Third Floor
SAN FRANCISCO
CA, 94103

TEL (415) 398-1040
FAX (415) 398-2001

(although it is highly likely); however, the information from Mr. Smith was clearly reviewed and relied upon yet it is <u>not</u> listed by Dr. Kennedy.

<u>After</u> expert discovery had closed, defendant produced a CD purporting to be Dr. Kennedy's file on August 21, 2012 (today). No verification was provided confirming it is a complete file. While plaintiff has not had an opportunity to review the entire contents of the CD, it does not appear to contain all of the items listed on the expert's report or the items mentioned in the report but not listed. Regardless of whether or not the CD is a complete copy, it was not produced in a timely manner but rather after the close of expert discovery <u>and</u> it is not verified. Dr. Kennedy should be excluded from testifying and his report should be excluded.

2. <u>Defense Expert R. Russell Johnson Should Be Excluded From Testifying</u>

Captain Johnson was retained by defendant to provide his opinion regarding circumstances surrounding plaintiff's injury. Included in his report is a list of 30 documents that he reviewed when he was an expert in the related "Limitation Action". See Birnberg Declaration and Exhibit C attached thereto. Captain Johnson then states that, "I recently have re-familiarized myself with some of these documents that have relevance to the Biller v. Westar case". Captain Johnson does not indicate which of the 30 documents listed he believes are relevant to this case; therefore, without a complete copy of his file for this action it is unknown what exactly he reviewed. Moreover, some of the 30 documents listed by Captain Johnson were not produced in this action; thus, it is unknown if defendant's withheld relevant documents during discovery that they are clearly intending to rely on at trial. For example, Captain Johnson lists National Weather Services Forecasts in this list of 30 documents. It is unknown if these documents were ones that Captain "re-familiarized"

Motion *in Limine* No. 5
Motion *in Limine* to Exclude Defense Experts Patrick Kennedy and Russell Johnson; Declaration of Cory Birnberg in Support of Motion *in Limine*
7                                                            Case No.: C 10-05731 SC

BIRNBERG & ASSOCIATES
1083 Mission Street, Third Floor
SAN FRANCISCO CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

himself as being relevant to the circumstances surrounding plaintiff's injury. Although it is not known exactly what constitutes these documents, defendant did not produced documents with such titles.

Captain Johnson goes on that he conducted interviews (including one that lasted an hour and twenty minutes) in the summer of 2011. Presumably, he made notes of those conversations which plaintiff is entitled to. Then Captain Johnson provides another list of 10 items he reviewed in preparation for the report submitted in this action. This list includes photographs that plaintiff is unable to identify based on the description and, of course, plaintiff is unable to determine what photographs constitute the "several others randomly marked". He also lists "DVD transcripts of photo's [sic], Limitation Action depo's [sic] and weather expert reports"; however, there is no indication what is actually included in this entry. Captain Johnson also conducted several interviews with witnesses for which he, presumably, took notes.[3]

Under FRCP Rule 26(a), plaintiff is entitled to know exactly what supporting Captain Johnson used to support his conclusions and opinions. Moreover, without a complete and verified copy of Captain Johnson's file including all of the documents and materials he considered in forming his opinions, plaintiff has no way of knowing if his expert report complies with federal rules.

On August 21, 2012 (today), defendant produced a set of documents purporting to be Captain Johnson's file. No verification was provided confirming that it is a complete file. While plaintiff has not had an opportunity to review each document produced it is clearly does not include all of the documents considered, reviewed or relied upon by Captain

---

[3] The allegedly recorded statement of plaintiff allegedly taken on January 9, 2008, listed by Captain Johnson, is the subject of a separate Motion *in Limine*.

Motion *in Limine* No. 5
Motion *in Limine* to Exclude Defense Experts Patrick Kennedy and Russell Johnson; Declaration of Cory Birnberg in Support of Motion *in Limine*

8                            Case No.: C 10-05731 SC

BIRNBERG & ASSOCIATES
1083 Mission Street, Third Floor
SAN FRANCISCO CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

Case 3:10-cv-05731-SC   Document 50   Filed 08/21/12   Page 9 of 10

Johnson. For example, he lists over 150 photographs and "several other randomly marked", yet only 21 photographs were produced as part of his file. As noted above, Captain Johnson indicated he "re-familiarized" himself with several documents from the "Limitation Action" yet none of the documents listed appear to be included in the set produced. By producing the file <u>after</u> the close of expert discovery and two weeks before trial, plaintiff does not have sufficient time to completely analyze the documents produced. Moreover, unless plaintiff seeks a court order re-opening and extending discovery he has no recourse to obtain a verified and complete copy of Captain Johnson's file.

## CONCLUSION

Defendant was obligated to produce a complete and verified copy of the experts' files, they did not do so until today (August 21st). Moreover, defense counsel promised to produce the files and in reliance on that promise, plaintiff did not assert his right to take the experts' depositions. For failing to comply with FRCP Rule 26(a), defendant's experts Dr. Kennedy and Captain Johnson should be prohibited from testifying (either orally or in writing) at trial.

Dated: August 21, 2012                    BIRNBERG & ASSOCIATES

                                          By:   /s/ Cory A. Birnberg
                                                Attorneys for Plaintiff


DECLARATION OF CORY BIRNBERG
IN SUPPORT OF MOTION *IN LIMINE*

I, Cory Birnberg, declare as follows:

1.      I am an attorney at law licensed to practice in the state of California and before this Court. I make this declaration pursuant to my own personal knowledge and as to

BIRNBERG & ASSOCIATES
1083 Mission Street, Third Floor
SAN FRANCISCO CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

Motion *in Limine* No. 5
Motion *in Limine* to Exclude Defense Experts Patrick Kennedy and Russell Johnson; Declaration of Cory Birnberg in Support of Motion *in Limine*
                                          9                              Case No.: C 10-05731 SC

1    those matters stated upon information and belief, believe them to be true.

2        2.    Attached hereto, as Exhibit A, is a true and correct copy of an email correspondence from August 10, 2012 between me and defense counsel, Max Kelley. I requested a complete copy of Dr. Kennedy's and Captain Johnson's files, with a verification, in lieu of taking their depositions. I accepted Mr. Kelley's assurance that defendant would do as requested.

3        3.    On August 21, 2012, I obtained from defense counsel a set of documents which I was told was Captain Johnson's file. There was no verification for this files. After a brief review of this set of documents, it was clear it was incomplete as for example there were approximately 21 pictures in the set I received yet over 150 pictures were listed in Captain Johnson's report. I also received, today, a CD, which I was told contained Dr. Kennedy's file. There was no verification provided by defendant. Given the time constraints and the deadlines for today, I have not had an opportunity to properly review the contents of the CD.

4        4.    Attached hereto, as Exhibit B, is a true and correct copy of selected pages from the expert report of Dr. Kennedy provided by defendant.

5        5.    Attached hereto, as Exhibit C, is a true and correct copy of selected pages from the expert report of Captain Kennedy provided by defendant.

I declare pursuant to 28 U.S.C. §1746(b) that the foregoing is true and correct.

Executed this day of 21st of August 2012 at San Francisco, California,

             /s/   Cory A. Birnberg

BIRNBERG & ASSOCIATES
1083 Mission Street, Third Floor
SAN FRANCISCO CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

Motion *in Limine* No. 5
Motion *in Limine* to Exclude Defense Experts Patrick Kennedy and Russell Johnson; Declaration of Cory Birnberg in Support of Motion *in Limine*

                 10              Case No.: C 10-05731 SC