BIRNBERG & ASSOCIATES
CORY A. BIRNBERG (SBN 105468)
1083 Mission St., Third Floor
San Francisco, California 94103
Telephone Number: (415) 398-1040
Facsimile Number: (415) 398-2001

Attorneys for Plaintiff
JAMES ANTHONY BILLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANTHONY BILLER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TERILYN, its engines, tackle, equipment, furnishings, and machinery, *in rem*, WESTAR MARINE SERVICES, a business entity of unknown form, *in personam*,<br><br>Defendants. | Case No.  C 10-05731 SC<br><br>PLAINTIFF'S MOTION *IN LIMINE* NO. 8<br><br>MOTION *IN LIMINE* TO EXCLUDE EXPERT'S TESTIMONY AS TO PHOTOGRAPH; DECLARATION OF CORY BIRNBERG IN SUPPORT OF MOTION *IN LIMINE* |

Plaintiff hereby moves this Court for an order excluding any testimony (either oral or written) proffered by defendant's expert, Captain Johnson, as to a photograph referred to in his report and his supposition there from.

INTRODUCTION

In his expert report Captain Johnson hypothesizes that, <u>if</u> plaintiff was pulling on a line that Captain Johnson believes is depicted in a photograph <u>then</u> plaintiff "contributed" to his injury. Declaration of Cory Birnberg in Support of Motion *in Limine* ("Birnberg Declaration") and exhibits attached thereto. Captain Johnson goes on to say what <u>he</u> <u>believes</u> the photo "<u>seems to show</u>". Captain Johnson has to make such speculative

observations because **he was not there** when the photograph was taken and he cites to no testimony identifying what was going on in that photograph. For all Captain Johnson knows, the photograph could be the result of one of those side conversations that occurs during an inspection that is unrelated to the case at hand or perhaps plaintiff was demonstrating what he did <u>not</u> do. The photograph speaks for itself, in that it merely shows plaintiff with his hands in a particular position. Attaching a speculative meaning constitutes inadmissible hearsay. Any inferences drawn from this photograph are pure speculation and guesswork; as such it is inappropriate for expert testimony.

ARGUMENT

An expert is required to provide a sound basis for his opinion and his testimony must be based on reliable data. *Daubert v. Merrell Dow* (1993) 509 US 579, 593; FRCP Rule 26(a). Although an absolute certainty is not required, an expert's opinion must be based on facts "to express a reasonably accurate conclusion as opposed to conjecture or speculation. [citation omitted]". *Kieffer v. Weston Land, Inc.*, 90 F.3d 1496, 1499 (10th Cir. 1996) [expert not permitted to testify as to an injury which a defect could have caused where the expert had no reasonable grounds for the belief that such a defect existed when the injury occurred]. The purpose of expert opinions and testimony is to assist the trier of fact. FRE Rule 702. Speculation and terms like "seems to show" is not assistance to the trier of fact. "A liability expert is only helpful to the fact finder if he is able to establish such an element of the claim through visual inspection, independent research, testing, and knowledge." *Clark v. Takata Corp.* 192 F.3d 750, 757 (7th Cir., 1999). An expert must take steps to verify the accuracy of the facts; the failure to do so can result in their testimony being excluded. Such unverified facts do not assist the tier of fact. *U.S. Salt, Inc. v. Broken Arrow, Inc.* 2007 U.S. Dist. LEXIS 43376, 5-6 (D. MN 2008).

BIRNBERG & ASSOCIATES
1083 Mission Street,
Third Floor
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

Captain Johnson cannot establish his claims as to liability because he was not present when the photograph was taken and has no independent knowledge of what circumstance led to the photograph. He also did not indicate that he had done any steps to independently verify his "facts" (which, of course, would be difficult to do, as the "facts" consist of his imagination as to what is depicted in the photograph). Moreover, Captain Johnson is not qualified to offer an interpretation of the photograph. "Courts must act as gatekeepers to ensure that all expert testimony admitted at trial is both relevant and reliable. Dodge v. Cotter Corp., 328 F.3d 1212, 1221 (10th Cir. 2003). The proponent of an expert bears the burden of demonstrating that the requisite admissibility requirements are met by a preponderance of the evidence. Fed. R. Evid. 702 advisory committee's note." *Ponca Tribe of Indians of Okla. v. Cont'l Carbon Co.*, 2009 U.S. Dist. LEXIS 117418 (W.D. Okla. 2009).

Furthermore, by adopting his own interpretation of the photograph, Captain Johnson is attempting to present inadmissible hearsay before the jury. While FRE Rule 703 permits an expert to render opinions based on hearsay, he can only do so **if** that hearsay is of the type reasonably relied upon by experts. A personal theory of what a photograph is showing is not the type reasonably relied upon by experts. Furthermore, even if the hearsay was reliable it **cannot** be offered to prove the truth of the matter stated therein. *Heishman v. Ayers* 621 F.3d 1030, 1040-1043 (9th Cir., 2010); *Paddack v. Dave Christensen, Inc.* 745 F.2d 1254, 1261-62 (9th Cir., 1984) ["Rule 703 merely permits such hearsay, or other inadmissible evidence, upon which an expert relies, to be admitted to explain the basis of the expert's opinion. It does not allow the admission of the reports to establish the truth of what they assert."].

///

BIRNBERG & ASSOCIATES
1083 Mission Street, Third Floor
SAN FRANCISCO CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

Here, masquerading as Captain Johnson's expert opinion is an unfounded depiction of a photograph which is presented in a highly prejudicial manner. Where the probative value of evidence is substantially outweighed by unfair prejudice, the Court can exclude that evidence. FRE Rule 403. Where evidence has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one" it is unfairly prejudicial. Advisory Committee Notes to Federal Rule of Evidence 403.

Captain Johnson's testimony concerning his purely speculative opinion as to how the accident might have happened based on his own interpretation of what was being demonstrated in a photograph where he was not present should be excluded.

Dated: August 21, 2012                                                 BIRNBERG & ASSOCIATES

By:  ___/s/ Cory A. Birnberg___
Attorneys for Plaintiff

### DECLARATION OF CORY BIRNBERG
### IN SUPPORT OF MOTION *IN LIMINE*

I, Cory Birnberg, declare as follows:

1. I am an attorney at law licensed to practice in the state of California and before this Court. I make this declaration pursuant to my own personal knowledge and as to those matters stated upon information and belief, believe them to be true.

2. Attached hereto, as Exhibit A, is a true and correct copy of selected pages from Captain Johnson's report referencing the photograph.

3. Attached hereto, as Exhibit B, is a copy of the photograph I believe Captain Johnson is referring to.

I declare pursuant to 28 U.S.C. §1746(b) that the foregoing is true and correct.

Executed this day of 21st of August 2012 at San Francisco, California,

___/s/   Cory A. Birnberg___

BIRNBERG & ASSOCIATES
1083 Mission Street, Third Floor
SAN FRANCISCO CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001